### No. 236.—J. H. Thomas & Co. v. Thompson Scott.

If an act of the General Assembly provides that it shall take effect from and after its passage, the fact that it has not been promulgated in the official journal, as required by law, will not abridge or affect in any manner the rights acquired under it. An attachment bond, which has been given in conformity to law before such law has been promulgated by publication in the official journal, is not therefore void if the law under which it was given directs that it shall take effect from and after its passage, even though the bond be not in conformity with former existing laws on the subject.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Egan*, J. *N. J. Scott* and *J. D. Watkins*, for plaintiffs and appellants. *J. & J. W. Young*, for defendant and appellee.

HOWELL, J. Plaintiffs have appealed from a judgment dissolving the attachment herein rendered on a motion based on several grounds, only one of which it is necessary to notice, to wit: "Because the bond is not made payable to the clerk."

They contend that the defendant has no interest in raising this objection, as the object of the law is to protect the parties whose property is seized, and he is protected by the bond in this case, which is made in his own favor.

To this the answer is that in the exercise of this and similar harsh remedies, it is a principle in our jurisprudence that the forms of the law must be strictly complied with under penalty of nullity, and the law invoked requires the bond to be made payable to the clerk of the court, and provides that the defendant, as well as every person party to the suit or injured by the issuing of the writ, shall have recourse thereon against the principal and securities. Acts 1871; p. 18. The interest of the defendant is to have a bond in conformity with the law.

But plaintiffs say this law can not affect their rights in this proceeding, because it was not published in the *Homer Iliad*, "a State and authentic paper," and was not known to them until after the writ was issued, and if allowed to take effect from and after its passage, some

87

two and a half months previous, it would violate article 110 of the constitution, which prohibits retroactive laws and the divestiture of vested rights, article 109, which requires the laws to be promulgated in the English language, and article 10, which declares that the courts shall be open and every person shall have adequate remedy by due process of law, and justice shall be administered without denial or unreasonable delay.

A reference to the volume of the acts of 1871 shows that the law in question, which is in the English language, was promulgated on the thirtieth December, 1870, the day on which it was approved by the Governor, and was therefore in force when plaintiffs obtained their writ of attachment in March following. The statute itself provides that it "shall take effect from and after its passage," and it has long been settled that such a provision does not violate the terms of articles. 109 and 110 of the constitution. 2 An. 68; 12 An. 390; 14 An. 487.

We are unable to see in what respect the law in question is in conflict with article 10. It simply changed the form of a bond which was previously required.

The law under which plaintiffs claim to have given their bond was repealed by the act thirtieth December, 1870, which requires that such bonds shall be made payable to the clerk. See 21 An. 756.

Judgment affirmed.